IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KEVIN JOHNSON,
    Petitioner,

vs.                                           Case No.: 4:16cv593/MW/EMT

JULIE L. JONES,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

      This cause is before the court on a petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss the petition as premature, on the ground that Petitioner has not exhausted his state court remedies, because a post-conviction proceeding, in which Petitioner has presented the same claim he presents in his § 2254 petition, is still pending (ECF No. 28). Respondent requests dismissal of the § 2254 petition without prejudice to enable Petitioner to satisfy § 2254's exhaustion requirement (*id.*). Petitioner filed a response conceding that his petition is premature because his sole claim for relief is still pending review in state court (ECF No. 30). Petitioner joins Respondent's request that the court dismiss the § 2254 petition without prejudice to permit him to exhaust his state court remedies (*id.*).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the petition should be dismissed, without prejudice, for Petitioner's failure to satisfy the exhaustion requirement prior to commencing this federal habeas action.

I. DISCUSSION

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[1] thereby giving the State the "'opportunity to pass upon and correct'

---

[1] Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A) the applicant has exhausted the remedies available in the courts of the State; or
       (B) (i) there is an absence of available State corrective process; or
         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State

alleged violations of its prisoners' federal rights." <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (quoting <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  <u>Duncan</u>, 513 U.S. at 365–66; <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); <u>Picard</u>, 404 U.S. at 277–78.  If a petitioner fails to exhaust state remedies, a district court should dismiss the petition without prejudice to allow exhaustion.  *See* <u>Rose v. Lundy</u>, 455 U.S. 509, 519–20, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Here, Petitioner concedes that has not exhausted the state court remedies available to him, and he requests dismissal of this case without prejudice to his re-filing upon fully exhausting his claim.  This court should grant Petitioner's request.

Petitioner is advised that although this dismissal is without prejudice to his filing a § 2254 petition once he has exhausted his state court remedies, the fact that the petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.

---

to raise, by any available procedure, the question presented.

Petitioner is reminded that 28 U.S.C. § 2244(d) establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments. The one-year period normally runs from the date upon which the conviction became final. *See* § 2244(d)(1). The time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted toward the limitations period. *See* § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). The pendency of a federal habeas proceeding does not toll the one-year limitations period. *See* Duncan v. Walker, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L.Ed. 2d 251 (2001) (construing 28 U.S.C. § 2244(d)(2)) (emphasis added).

II.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S.—, 137 S. Ct. 773 (2017) (quoting Miller-El, 537 U.S. at 327). Here, Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 28) be **GRANTED**.

2. That Petitioner's § 2254 petition (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for Petitioner's failure to exhaust state court remedies.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19<u>th</u> day of April 2018.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**