IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KEVIN JOHNSON,
    Petitioner,

vs.                                     Case No.:   4:16cv593/MW/EMT

JULIE L. JONES,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner Kevin Johnson's "Motion to Reopen" (ECF No. 36), which the court construes as a motion for relief from judgment, under Rule 60 of the Federal Rules of Civil Procedure. The State filed a response in opposition to Johnson's motion (ECF No. 39).

The case was referred to the undersigned for the issuance of any recommendations to the district court regarding applications for post-trial relief. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b); *Campbell v. Sec'y for Dep't of Corr.*, 370 F. App'x 5, 8 (11th Cir. 2010) (unpublished but recognized as persuasive authority) (absent consent of the parties, magistrate judge exceeded authority in issuing final order on petitioner's Rule 60 motion and was authorized only to make report and recommendation to district court). After careful consideration of the parties' arguments, it is the opinion of the undersigned that Johnson's Rule 60 motion should be denied.

I.    BACKGROUND AND PROCEDURAL HISTORY

Johnson commenced this federal habeas action on September 9, 2016 (ECF No. 1). He challenges the judgment and sentence entered in the Circuit Court in and for Gadsden County, Florida, Case No. 2010-CF-656, on April 30, 2012 (*see id.*). Johnson was convicted of attempted felony murder and carjacking, and sentenced to life imprisonment and thirty-years imprisonment, respectively (*id.*). Johnson directly appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D13-3287, presenting four sentencing errors, all of which challenged the trial court's imposition of monetary costs (*see id.*, attached opinion of the First DCA). *See Johnson v. States*, 149 So. 3d 732 (Fla. 1st DCA 2014). The First DCA affirmed Johnson's convictions and prison sentences but remanded to the trial court for the court to correct the sentencing errors raised by Johnson (i.e., the imposition of costs). *See id.*

Johnson presented the following claim in his § 2254 petition:

Ground One: "Actual Innocence, recantation of the former arrest affidavit charging the latter jurisdiction (non) particularized pled (not guilty) in special plea, in abatement at valid arraignment proceedings to the indictments in bar of former jeopardy–former immunity–former acquittal of the greater offense—Newly Discovered Evidence."

Page 3 of 8

(ECF No. 1 at 5, 6–7).[1]  Johnson asserted he presented this claim to the state circuit court in a "Motion for Postconviction Relief/Petition for Writ of Habeas Corpus (Manifest Injustice Pursuant to Rule 3.850(m)" filed on October 20, 2015 (*see* ECF No. 1 at 5; ECF No. 39-1 at 6–40).[2]  Johnson asserted he also presented his claim in an "Amended Petition for Writ of Habeas Corpus," filed in the state circuit court on August 22, 2016 (*see* ECF No. 1 at 5; ECF No. 39-1 at 41–94).

On December 14, 2017, the State filed a motion to dismiss Johnson's § 2254 petition as premature, on the ground that he had not exhausted his state court remedies, because a post-conviction proceeding, in which he presented the same claim he presented in his § 2254 petition, was still pending (ECF No. 28).  The State requested dismissal of the § 2254 petition without prejudice to enable Johnson to satisfy § 2254's exhaustion requirement (*id.*).  Johnson filed a response to the motion to dismiss, conceding his § 2254 petition was premature because his sole claim for relief was still pending review in state court (ECF No. 30).  Johnson joined the State's request that this court dismiss the § 2254 petition without prejudice to permit him to exhaust his state court remedies (*id.*).

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers indicated in the original document.

[2] The State attached a copy of Johnson's filing to its Response to his Motion to Reopen (*see* ECF No. 39-1).

Case No.: 4:16cv593/MW/EMT

On April 19, 2018, the undersigned issued a Report and Recommendation determining that the court should grant Johnson's request to dismiss his § 2254 petition without prejudice to his re-filing upon fully exhausting his claim in the state courts (ECF No. 33 at 3–4). The undersigned included the following advisory in the Report and Recommendation:

> Petitioner is advised that although this dismissal is without prejudice to his filing a § 2254 petition once he has exhausted his state court remedies, the fact that the petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred. Petitioner is reminded that 28 U.S.C. § 2244(d) establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments. The one-year period normally runs from the date upon which the conviction became final. *See* § 2244(d)(1). The time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted toward the limitations period. *See* § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). The pendency of a federal habeas proceeding does not toll the one-year limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (construing 28 U.S.C. § 2244(d)(2)) (emphasis added).

(ECF No. 33 at 3–4). The undersigned recommended that the district judge dismiss Johnson's § 2254 petition without prejudice and deny a certificate of appealability (*id.* at 5–6).

On May 21, 2018, the district judge adopted the Report and Recommendation and incorporated it by reference into the order (ECF No. 34). The district judge directed the clerk of court to enter judgment stating:

> The Respondent's Motion to Dismiss, ECF No. 28, is **GRANTED**. The Petitioner's § 2254 petition, ECF No. 1, is **DISMISSED** without prejudice for Petitioner's failure to exhaust state court remedies. A Certificate of Appealability is **DENIED**.

(*id.*). The clerk of court followed the district judge's directive and entered judgment on May 22, 2018 (ECF No. 25).

Johnson filed the instant motion to reopen on January 2, 2020 (ECF No. 36). Johnson states he received the mandate in his post-conviction appeal on December 5, 2019 (*id.*). Johnson asserts he has now exhausted his state court remedies as to the claim presented in his § 2254 petition and wishes to reopen his federal habeas case (*id.*).

The State contends if Johnson wishes to pursue federal habeas relief on any of the claims he presented to the state courts, he must file a new, timely § 2254 petition setting forth those claims (*see* ECF No. 39 at 5).

II.   DISCUSSION

Because Johnson seeks to reopen the judgment in this case, his motion is governed by Rule 60(b) of the Federal Rule of Civil Procedure. Rule 60(b) allows a civil litigant to seek relief from a final judgment under a limited set of circumstances including mistake, misrepresentation or misconduct by an opposing party, and newly discovered evidence that could not have been discovered in time to move for a new trial. *See* Fed. R. Civ. P. 60(b)(1)–(3). A motion alleging any of

these three circumstances must be filed no more than one year after the entry of judgment.  *See* Fed. R. Civ. P. 60(c)(1).

In Johnson's motion to reopen, he does not allege any of the circumstances provided in Rule 60(b)(1)–(3).  And even if he did, he did not file his motion to reopen on or before May 22, 2019 (one year after entry of judgment in this case). Therefore, Johnson is not entitled to relief under these provisions of Rule 60.

Rule 60(b) also includes a "catchall" provision, Rule 60(b)(6), which "permits reopening when the movant shows any reason justifying relief from the operation of the judgment other than the more specific circumstances set out in Rules 60(b)(1)–(5)."  *Gonzalez v. Crosby*, 545 U.S. 524, 529, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) (internal quotation marks and alteration omitted).  However, a movant seeking relief under this provision must show "extraordinary circumstances justifying the reopening of a final judgment."  *Gonzalez*, 545 U.S. at 535 (internal quotation marks and alteration omitted).  Extraordinary circumstances that warrant the reopening of a judgment "will rarely occur in the habeas context."  *Id.*

The fact that the state courts have ruled on one of Johnson's post-conviction applications is not an extraordinary circumstance.  Therefore, the reopening of the judgment in this case is not warranted.  If Johnson wishes to pursue federal habeas relief on any of the claims he presented to the state courts, he must file a new § 2254 petition setting forth those claims

Page 7 of 8

III.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  *Buck v. Davis*, 580 U.S.—, 137 S. Ct. 759, 773, 197 L. Ed. 2d 1 (2017) (citing *Miller-El*, 537 U.S. at 327).  The petitioner here cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate

should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's Johnson's "Motion to Reopen" (ECF No. 36), construed as a motion for relief from judgment under Rule 60(b), be **DENIED**.

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 15th day of January 2020.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.